## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION

Patricia Sullivan                                                    **Plaintiff**

v.                              **No. 3:14-CV–163-DPM-JTR**

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                             **Defendant**

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for U.S. District Judge D.P. Marshall.   A party to this dispute may file written objections to this recommendation.   An objection must be specific and state the factual and/or legal basis for the objection.   An objection to a factual finding must identify the finding and the evidence supporting the objection.   Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1]   The objecting party must serve the opposing party with a copy of an objection.   Failing to object within 14 days waives the right to appeal questions of fact.[2]   If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Patricia G. Sullivan seeks judicial review of the denial of her application for disability insurance benefits (DIB).[3] Sullivan claims she has been disabled since July 27, 2011 when she lost her accounts receivable job, after the company she worked for was sold.[4] Sullivan based disability on depression.[5]

**The Commissioner's decision.** After considering the application, the Commissioner's ALJ determined Sullivan has severe impairments—major depressive disorder, bipolar disorder, and generalized anxiety disorder[6]—but she can work with certain non-exertional limitations.[7] Because a vocational expert identified work meeting the ALJ's limitations,[8] the ALJ determined that Sullivan is not disabled under the Social Security Act and denied the application.

---

[3]SSA record at p. 152 (applying on Sept. 7, 2012 and alleging disability beginning July 27, 2011).

[4]*Id.* at pp. 38 & 274.

[5]*Id.* at p. 180.

[6]*Id.* at p. 13.

[7]*Id.* at p. 16.

[8]*Id.* at p. 56 (identifying bakery rackers and production assemblers as representative light work).

After the Commissioner's Appeals Council denied a request for review,[9] the decision became a final decision for judicial review.[10]   Sullivan filed this case to challenge the decision.[11]   In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

**Sullivan's allegations of error**.  Sullivan maintains she cannot work because her mental impairments impose greater limitations than the ALJ found.  She contends the ALJ improperly rejected her therapist's medical opinion.  She says her global assessment of functioning (GAF) scores show she cannot work.  For these reasons, she argues, substantial evidence does not support the decision.[13]

**Applicable legal principles**.  In reviewing a decision denying an application

---

[9]*Id.* at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]Docket entry # 10.

3

for disability benefits, the court must determine whether the decision is supported by substantial evidence in the record as a whole.[14]  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate to support the decision.[15]  In reviewing for substantial evidence a court must consider all of the evidence—including evidence that detracts from the ALJ's decision[16]— but the court may not reverse because substantial evidence supports an opposite conclusion.[17]

**A reasonable mind would accept the evidence as adequate because a vocational expert identified available work Sullivan could perform despite the numerous limitations imposed by the ALJ.** The determination about a claimant's ability to work must be supported by medical evidence; a claimant's subjective allegations are not enough to prove she is disabled.[18]  The medical evidence shows

---

[14]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).

[15]*Slusser*, 557 F.3d at 925.

[16]*Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004).

[17]*Slusser*, 557 F.3d at 925; *Sultan*, 368 F.3d at 863.

[18]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability...; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment...which could reasonably be expected to produce the pain or other symptoms alleged and which...would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your

Sullivan has been treated for depression, anxiety, and bipolar disorder since May 2009 when she experienced marital problems.[19]  By May 2010, Sullivan reported feeling better than she had felt in years.[20]  In May 2011, Sullivan provided the same report.[21]  These reports show Sullivan's mental symptoms can be controlled with treatment. "An impairment which can be controlled by treatment or medication is not considered disabling."[22]

By July 2012, Sullivan's circumstances had changed — she was unemployed, divorced, and estranged from her family.[23]  Her symptoms returned.  She sought

---

statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[19]SSA record at p. 349.

[20]*Id.* at 337.

[21]*Id.* at p. 325.

[22]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[23]SSA record at p. 261.

mental health treatment and applied for disability benefits.[24] Treatment notes reflect anxiety and sadness flowing from the divorce, moving, and lack of finances, but no limitations preventing her from working.[25]

Sullivan claims she has been disabled since July 2011, but she has had two jobs since that time. She lost both jobs and received unemployment benefits.[26] Receiving unemployment benefits contradicts Sullivan's claim of disability because a person must hold herself out as available, willing, and able to work to receive unemployment benefits.[27]

A reasonable mind would accept the evidence as adequate because Sullivan demonstrated no cognitive impairment and made no cognitive complaints during her

---

[24]*Compare id.* at p. 264 (seeking mental health treatment on Sept. 4, 2012) *with id.* at p. 152 (applying for DIB on Sept. 7, 2012).

[25]*Id.* at pp. 264-66 (reporting that she was laid off of work, her sister accused her of stealing, husband was divorcing her, her daughter hit her, and she lacked family support).

[26]*Id.* at pp. 34-35.

[27]*See* Ark. Code Ann. § 11-10-507(3) (setting eligibility conditions for unemployment benefits and including that the worker "is unemployed, is physically and mentally able to perform suitable work, and is available for such work"); *Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991) ("A claimant may admit an ability to work by applying for unemployment compensation benefits because such an applicant must hold himself out as available, willing and able to work.").

6

mental status evaluation.[28]   Although she cried so much that the examiner had a difficult time understanding her,[29] she appeared to have the capacity to sustain attention.[30]   According to the examiner, Sullivan can likely cope with the typical demands of basic work-like tasks.[31]   That is the type of work the ALJ required.

The ALJ determined Sullivan can work with the following limitations:

> (1) one to two step tasks learned and performed by rote,
>
> (2) tasks that can be learned within 30 days,
>
> (3) work involving few variables,
>
> (4) work requiring little judgment,
>
> (5) work involving simple, direct, concrete supervision,
>
> (6) no more than occasional changes in workplace setting,
>
> (7) incidental interpersonal contact, and
>
> (8) no contact with general public.

These limitations adequately respond to Sullivan's symptoms during the time period for which benefits were denied.

---

[28]SSA record at p. 272.

[29]*Id.* at p. 277.

[30]*Id.* at p. 279.

[31]*Id.*

7

Sullivan's reliance on various GAF scores[32] provides no basis for relief. The ALJ acknowledged Plaintiff's GAF score but noted ample evidence that supported his decision to discount them.[33]

Sullivan's reliance on her therapist's medical source statement[34] likewise provides no basis for relief. The therapist opined that Sullivan has chronic mental illness and requires long term care therapy and medication,[35] and reported disabling limitations. Although the therapist is not an acceptable medical source under the Commissioner's regulations,[36] the therapist provided no treatment notes to support her opinion.[37] Moreover, no dispute exists about whether Sullivan's mental illness

---

[32]*Id.* at p. 266 (GAF: 45 on Sept. 4, 2012), p. 268 (GAF: 45 on Sept. 12, 2012; she reported a marked decline), p. 286 (GAF: 45 on Oct. 2, 2012; she said she doesn't feel like she is declining any longer) & p. 289 (GAF: 45 on Nov. 113, 2012; she was frantic because her boyfriend married another woman).

[33]*See Myers v. Colvin,* 721 F.3d 521, 525 (8th Cir. 2013) (an ALJ may discount GAF scores that are inconsistent with the remainder of the record); *Jones v. Astrue,* 619 F.3d 963, 974 n.4 (8th Cir. 2010) (despite the claimant's low GAF scores, the ALJ permissibly emphasized the claimant's actual daily activities in concluding that the claimant's mental RFC was not disabling).

[34]SSA record at p. 360.

[35]*Id.* at p. 354.

[36]*See* 20 C.F.R. § 404.1513 (listing sources who can provide medical evidence to establish impairment).

[37]SSA record at p. 353.

is chronic and whether she needs long term therapy and medication. A reasonable mind would accept the ALJ's limitations as adequate to account for Sullivan's mental impairment.

The ALJ questioned a vocational expert about available work for a person with Sullivan's limitations.[38] The vocational expert identified bakery rackers and production assemblers as representative light work.[39] The vocational expert response shows work exists that Sullivan can do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[40]

## Conclusion and Recommendation

Substantial evidence supports the ALJ's determination that Sullivan can work within the specified parameters. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends denying Sullivan's request for relief (docket entry # 2) and affirming the Commissioner's decision.

---

[38]*Id.* at p. 55.

[39]*Id.* at p. 56.

[40]42 U.S.C. § 1382c(a)(3)(B) (defining disability).

9

Dated this 17th day of April, 2015.

United States Magistrate Judge